UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JACKSON GAMBOA and PEDRO ROCHA, on behalf
of themselves and all other persons similarly situated,

                    Plaintiff,                         **COMPLAINT**

    -against-

REGENERON PHARMACEUTICALS, INC.,

                    Defendant.
------------------------------------------------------------------------X

Plaintiffs, JACKSON GAMBOA and PEDRO ROCHA ("Plaintiffs"), by and through their attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, REGENERON PHARMACEUTICALS, INC. ("Defendant"), allege as follows:

## NATURE OF THE ACTION

1.  Plaintiffs brings this action on behalf of themselves and similarly situated current and former employees of Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") to recover statutory damages for violation of New York Labor Law § 191 ("NYLL"). Plaintiffs seek injunctive and declaratory relief, compensatory damages, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198.

2.  Defendant is engaged in the manufacture and distribution of pharmaceutical products and has annual revenue in excess of $16 billion.

3.  This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiffs and similarly situated non-exempt hourly paid Animal Care Technicians who work or have worked for Defendant in New York State.

4.  Defendant has failed to compensate the Plaintiffs and all other hourly-paid animal care workers in New York on a timely basis and failed to properly pay Plaintiffs and other hourly

1

animal care workers in New York their wages within seven calendar days after the end of the week in which these wages were earned. In this regard, Defendant has failed to provide timely wages to Plaintiffs and all other similarly situated hourly animal care workers in New York.

5. Plaintiffs and Class Members suffered an underpayment of wages each pay period because Defendant failed to pay their wages on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, as required by NYLL § 191.

6. Plaintiffs and Class Members are "manual workers" who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

7. Every time that Defendant failed to pay Plaintiffs and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled. As a result, Plaintiffs and Class Members lost the time value of money.

8. Plaintiffs bring this action on behalf of themselves and all other similarly situated Hourly Workers in New York pursuant to Rule 23 to remedy violations of the NYLL § 190 et seq.

9. Plaintiffs also bring this action against Defendant to remedy discrimination in employment in violation of the New York State Human Rights Law, N.Y. Executive Law § 290 et seq. (hereinafter ("NYSHRL").

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiffs and the Defendant and the amount in controversy exceeds $75,000.00.

11. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

12. Plaintiff, Jackson Gamboa, is a citizen of the State of New Jersey.

13. Plaintiff, Pedro Rocha, is a citizen of the State of New Jersey.

14. Defendant is a New York corporation with headquarters in Westchester, New York.

15. Plaintiff, Jackson Gamboa, is an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

16. Plaintiff, Pedro Rocha, is an "employee" within the meaning of Labor Law § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

17. Defendant was an "employer" within the meaning of NYLL § 190(3).

## NEW YORK CLASS ACTION ALLEGATIONS

18. Plaintiffs bring the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of: All persons who work or have worked as hourly-paid Animal Care Technicians and Aquatic Animal Care Technicians for Regeneron Pharmaceuticals, Inc. in the State of New York at any time between December 15, 2016 and October 1, 2021 (hereinafter referred to as the "Class" or the "Class Members").

19. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. There are more than forty members of the New York Class.  Plaintiffs' claims are typical of those

claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

20. Plaintiffs and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

21. Plaintiffs are able to fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the New York Class.

22. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

24. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiffs and/or each member of the New York Class individually and include, but are not limited to, the following: (a) whether Defendant correctly compensated Plaintiffs and the New York Class on a timely basis.

**FACTUAL ALLEGATIONS**

25. Plaintiff, Jackson Gamboa, has been employed by Defendant as an animal care technician in New York since in or about 2016.

26. Plaintiff, Pedro Rocha, has been employed by Defendant as an animal care technician in New York since in or about 2017.

27. Plaintiffs spent more than 25% of their work time performing physical tasks including, but not limited to, changing and cleaning cages, equipment, water bottles, and food; unpacking and housing animals upon arrival; janitorial maintenance of facility rooms and stocking of supplies; performing preventative maintenance of animal facility equipment and supplies; sanitizing equipment and the facility; restocking supplies. Similarly, aquatic animal care technicians change and clean tanks, equipment and feeds of aquatic animals.

28. Defendants failed to pay Plaintiffs and similarly situated persons who have worked as animal care technicians and aquatic animal care technicians in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by NYLL § 191. Instead, Defendant paid Plaintiffs and similarly situated persons who have worked as animal care technicians and aquatic animal care technicians on a bi-weekly basis pursuant to its payroll policy in violation of NYLL § 191.

29. Every time that Defendant failed to pay Plaintiffs and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled.

30. As a result of Defendant's failure to timely pay their wages, Plaintiffs and Class Members lost the time value of money.

*Discrimination Claims*

31. Plaintiff, Jackson Gamboa, is of Peruvian descent.

32. Plaintiff, Pedro Rocha, is of Ecuadorian descent.

33. Plaintiffs have been supervised by Natalie Dilone ("Dilone").

34. Dilone, who is of Dominican descent, has discriminated against Plaintiffs in the terms and conditions of their employment because of their national origin by treating them less favorably than similarly situated employees of Dominican descent in violation of the NYSHRL.

35. Dilone had assigned Plaintiffs more arduous tasks than similarly situated employees of Dominican descent.

36. Dilone singled Plaintiffs and routinely criticized Plaintiffs for minor infractions for which similarly situated employees of Dominican descent were never reprimanded, criticized or disciplined.

37. Defendant's discriminatory conduct has interfered with Plaintiffs' ability to perform their jobs.

38. As a proximate result of Defendant's discriminatory action, Plaintiffs have suffered and will continue to suffer emotional harm, mental anguish, embarrassment and humiliation.

## FIRST CLAIM FOR RELIEF
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiffs and the New York Class)**

39. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

40. Plaintiffs and Class Members are manual workers as defined by the NYLL.

41,	Defendant was required to pay the Plaintiffs and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

42.	Defendant failed to pay Plaintiffs and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly or semi-monthly in violation of NYLL § 191.

43.	Every time that Defendant failed to pay Plaintiffs and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled. As a result, Plaintiffs and Class Members lost the time value of money.

44.	Plaintiffs and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### New York State Human Rights Law – Discrimination
### (Brought on behalf of Plaintiffs Gamboa and Rocha)

45.	Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

46.	Defendant discriminated against Plaintiffs in the terms and conditions of their employment because of Plaintiffs' national origin in violation of the NYSHRL.

47.	As a proximate result of Defendant's discrimination, Plaintiffs have suffered and continue to suffer emotional distress, mental anguish, embarrassment, humiliation, and other incidental and consequential damages.

48.	Plaintiffs are entitled to compensatory damages, plus reasonable attorney's fees and the costs incurred in bringing this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated, pray for the following relief:

(i.) Certification of a Class Action pursuant to F.R.C.P. 23;

(ii.) Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL § 198;

(v.) Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

(vi.) Compensatory and punitive damages under the NYSHRL;

(vii.) Pre-judgment and post-judgment interest as permitted by law; and

(viii.) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
December 15, 2022

LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*