UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JACKSON GAMBOA and PEDRO ROCHA, on behalf
of themselves and all other persons similarly situated,                22-cv-10605 (KMK)

                              Plaintiff,

   -against-

REGENERON PHARMACEUTICALS, INC.,

                              Defendant.
------------------------------------------------------------------------X

### PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY
### IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY

On May 15, 2023, Defendant filed a motion to dismiss and/or stay Plaintiffs' claims alleging untimely payment of wages in violation of New York Labor Law § 191 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs filed their opposition to Defendant's motion on July 12, 2023. Defendant filed its reply on August 7, 20023.

On November 3, 2023, a decision was issued by the Hon. Mae A. D'Agostino in *Shugars v. Masonite Corp*., 2023 WL 7280902 (N.D.N.Y. Nov. 3, 2023) in which the Court joined "the chorus of opinions throughout the Second Circuit finding that [p]laintiffs have a private right of action (either express or implied) for late payment of wages under the NYLL." *Id*. at *7. In denying defendants' motion to dismiss, the Court rejected arguments that the *Konkur* decision[1] and the legislative history of NYLL § 198 provide persuasive evidence that the Court of Appeals would reach a different conclusion than the First Department in *Vega*.[2] *Id*. at *6.

---

[1] *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38 (2022).
[2] *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (2019)

1

On November 7, 2023, the Hon. Ann M. Donnelly denied defendant's motion to dismiss plaintiff's NYLL § 191 untimely pay claim in *Gutierrez v. Carter's Inc.*, 2023 WL 7337184 (E.D.N.Y. Nov. 7, 2023).  The Court rejected the same argument that is advanced by Defendant in this case - that a private right of action for untimely pay is inconsistent with the administrative mechanism, which empowers the Commissioner of the Department of Labor to impose a civil penalty, to enforce violations of NYLL § 191.  *Id*. at *3 *citing Caul v. Petco Animal Supplies, Inc.*, 2021 WL 4407856, at *3 (E.D.N.Y. Sept. 27, 2021) *quoting Vega*, 175 A.D.3d at 1146.

The Court in *Gutierrez* also denied defendant's request to stay all proceedings pending the outcome of *Grant*.[3] *Id*. at *5. In denying the request for a stay, the Court found that even if the Second Department's decision in *Grant* were to create a split between the First and Second Departments, it would not resolve the issue. "[E]ven should such a best-case scenario for [the defendant] come to pass, the Court would then be presented only with conflicting guidance as to how to project the likely determination of the Court of Appeals, meaning that such a result need not lead to the dismissal of [the plaintiff's] claim." *Id*. *quoting Rankine v. Levi Strauss & Co.,* 2023 WL 358323, at *8 (S.D.N.Y. May 22, 2023).  Moreover, the Court was not persuaded that defendant would be prejudiced by the burden of discovery given the relatively simple nature of a NYLL § 191 claim or that any prejudice would outweigh the prejudice to the plaintiff caused by the delay in the proceedings.  *Id*.  The Court concluded that "staying the case would merely delay litigation and likely result in greater inefficiencies to the Court and litigants." *Id*. *quoting United States v. Town of Oyster Bay*, 66 F. Supp. 3d 285, 292 (E.D.N.Y. 2014) (quotation marks and citation omitted).

---

[3] *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-0320 (App. Div. 2d Dep't).

For all the foregoing reasons, Plaintiff respectfully requests that Defendant's motion to dismiss and/or stay this case be denied in its entirety.

Dated: Hauppauge, New York
October 4, 2023

                                ROMERO LAW GROUP PLLC

By:

                                */s Peter A. Romero*

                                PETER A. ROMERO, ESQ.
490 Wheeler Road, Suite 250
Hauppauge, New York 11788
(631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiffs*

3