

Peter A. Romero, Esq.
David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.
Sara V. Messina, Esq.

February 14, 2024

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarraopas Street
White Plains, New York 10601

      Re:    *Jackson Gamboa, et al. v. Regeneron Pharmaceuticals, Inc.*
              Docket No.: 22-cv-10605 (KMK)

Dear Judge Karas:

      This firm represents Plaintiffs Jackson Gamboa and Pedro Rocha in this action against Defendant Regeneron Pharmaceuticals, Inc. to recover damages for Defendant's failure to timely pay wages in violation of New York Labor Law § 191 ("NYLL). On May 15, 2023, Defendant filed a motion to dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim with respect to Plaintiffs' individual and class claims for violations of NYLL § 191, which Plaintiffs vehemently opposed. D.E. 25-27, 32, 37. Thereafter, Plaintiffs subsequently provided the Court with supplemental legal authority supporting their arguments. D.E. 38-40. On February 7, 2024, Defendant filed a letter providing notice of a recent non-binding decision from the Second Department, *Grant v. Glob. Aircraft Dispatch, Inc.*, 2024 WL 172900 (2d Dep't Jan. 17, 2024), arguing that this Court should follow *Grant*'s reasoning.[1] D.E. 41. Plaintiffs write to respond to Defendant's additional briefing as *Grant* is rife with legal errors. Moreover, Plaintiffs write to provide notice of additional legal authority issued after Defendant's letter by Judge Vincent L. Briccetti in *Zachary v. BG Retail, LLC*, 2024 WL 554174 (S.D.N.Y. Feb. 12, 2024) that weighs the competing decisions in *Grant* and *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286, 287-289 (1st Dep't 2019). *See* Exhibit A. Judge Briccetti's decision rejected *Grant*'s reasoning and cogently identified its many flaws. The decision in *Zachary* predicts that the Court of Appeals is likely to adopt the reasoning of *Vega* as the more persuasive authority, which remains the preeminent appellate ruling on this legal issue. *Id*.

**I.**     **The Court Should Deny Defendant's Motion to Dismiss Based on the *Vega*'s Holdings and Disregard the *Grant* Ruling**

      When the Court of Appeals has not authoritatively decided an issue, a state intermediate appellate ruling should not be "disregarded by a federal court unless it is

---

[1] *Grant* was accompanied by a lengthy well-reasoned dissenting opinion explaining the strength of *Vega*'s holdings and the faults in the *Grant* majority opinion. *See Grant*, 2024 WL 172900, at *6-9.

convinced by other persuasive data that the highest court of the state would decide otherwise." *Phila. Indem. Ins. Co. v. Indian Harbor Ins. Co*., 434 F. Supp. 3d 4, 10 (E.D.N.Y. 2020); *Macchiavello v. ABB/CON-CISE Optical Grp. LLC*, 2023 WL 4625009, at *4 (S.D.N.Y. July 19, 2023) (quoting *Rankine v. Levi Strauss & Co.*, 2023 WL 3582323, at *5 (S.D.N.Y. May 22, 2023) (defendant must "demonstrate 'the highest court of the state is likely to reject *Vega*'s reasoning'"); *Rodrigue v. Lowe's Home Ctrs., LLC*, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) (quoting *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010)) (federal court "'bound to apply the law as interpreted by a state's intermediate appellate courts" absent persuasive evidence the state's highest court would rule differently); *see Bonn-Wittingham v. Project O.H.R. (Off. for Homecare Referral), Inc.*, 2017 WL 2178426, at *1–2 (E.D.N.Y. May 17, 2017) ("With respect to plaintiffs' NYLL claims, []the [c]ourt is not bound by rulings of intermediate or lower state courts on an issue on which the highest court of the state has not spoken[.]").  While *Vega* was the sole on-point New York appellate ruling at the time of Plaintiff's opposition papers, D.E. 32, this Court must now weigh the competing rulings in *Vega* and *Grant* to predict how the Court of Appeals would rule.  Given *Grant*'s obvious infirmities and the clear weight of legal authority, the decision is not a close call and this Court should follow *Vega*'s reasoning.

Specifically, the First Department's reasoning in *Vega* offers the more cogent, persuasive analysis that is likely to be followed by the Court of Appeals. *See* Pl. Mem. of Law, D.E. 32, 38-40; *Zachary*, 2024 WL 554174, at *1, 5-9 (finding *Vega* persuasive authority that the Court of Appeals would find private right of action for violations of NYLL § 191); *Grant*, 2024 WL 172900, at *6-9 (dissent finding express and implied private right of action for violations of NYLL § 191 in accordance with Vega's reasoning). *Vega* unequivocally stated that NYLL § 198(1-a) expressly provides a private right of action for a violation of NYLL § 191, including in the event of the late payment of wages. The court explained that, "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action…The word underpayment is the noun for the verb underpay; underpay is defined as 'to pay less than what is normal or required.'" *Vega*, 107 N.Y.S.3d at 288. Thus, because "[t]he moment that an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required," Plaintiffs have a claim under NYLL § 191 regardless of whether they were paid all wages owed prior to the commencement of this action. Indeed, "[C]ontrary to defendant's argument that 198 provides remedies only in the event of nonpayment or partial payment of wages (but not in the event of late payment of wages), the plain language of the statute indicates that individuals may bring suit for any 'wage claim' against an employer. The remedies provided by section 198(1-a) apply to 'violations of article 6' and section 191(1)(a) is a part of article 6." *Id.* at 287-88 (citing *Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 463 (1993)). As *Vega* determined that late paid wages constitute an underpayment, NYLL § 198 provides a clear private right of action for NYLL § 191. *Vega*, 107 N.Y.S.3d at 288. The principle holding of *Vega* – that the moment an employer fails to pay wages on time, it constitutes an underpayment of wages triggering liquidated damages – is consistent with the statute and well-established case law regarding awarding liquidated damages, and its

finding of an express private right of action should be followed by this Court.[2] Alternatively, *Vega* also logically reasoned that an implied private right of action exists for manual workers in New York.[3]

As of this filing, every federal district in New York to have considered the question since *Vega* has uniformly applied its holding (even after *Grant*), as have a New York lower appellate and multiple trial courts, and ruled that a private right of action exists for NYLL § 191 claims.[4] *See* Amended Appendix; *Phillips v. Max Finkelstein, Inc.*, 73 Misc. 3d 1, 2-4 (App. Term. 2021); *Weber v. PX, Inc.*, 2021 WL 4991387, at *6-7 (Sup. Ct. N.Y. Cnty. Oct. 25, 2021) (following *Phillips*); *Rojas v. Hi-Tech Metals, Inc.*, 2019 WL 4570161, at *3 (Sup. Ct. Queens Cnty. Sept. 11, 2019) (denying defendant's motion to dismiss NYLL § 191 claims and reasoning that affording a private right of action is

---

[2] *See Brooklyn Sav. Bank*, 324 U.S. at 707-711 (liquidated damages owed even if wages subsequently paid late); *Vega*, 107 N.Y.S. 3d at 286, 288; *Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 332 (E.D.N.Y. 2022) (citing *Vega*, 107 N.Y.S. 3d at 287-288) (liquidated damages owed "even if wages are no longer past due"); *Caul v. Petco Animal Supplies, Inc.*, 2021 WL 6805889, at *1 (E.D.N.Y. Dec. 22, 2021) (same; NYLL § 191 permits claim "even if the wages have subsequently been paid."); *Rodrigue*, 2021 WL 3848268, at *5 (quoting *Vega*, 107 N.Y.S.3d at 288) (liquidated damages owed "'regardless of whether an employee has been paid wages owed before the commencement of the action'"); *Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *11 (S.D.N.Y. 2022) (citing *Vega*, 107 N.Y.S.3d at 288); *Duverny v. Hercules Med. P.C.*, 2020 WL 1033048, at *5 (S.D.N.Y. Mar. 3, 2020) (citing *Vega*, 107 N.Y.S. 3d at 288); *Williams v. Miracle Mile Props. 2 LLC*, 2022 WL 1003854, at *9 (E.D.N.Y. Feb. 1, 2022) (relying on *Vega*, awarding liquidated damages for NYLL § 191 violations in the amount of delayed wages); *Nuno Carrera*, 2021 WL 6298656, at *10-11 (same); *Mabe v. Wal-Mart Assocs., Inc.*, 2021 WL 1062566, at *4-7 (N.D.N.Y. Mar. 18, 2021) (citing *Vega*, 107 N.Y.S.3d at 287-288); *see also Calderon v. Mullarkey Realty, LLC*, 2018 WL 2871834, at *7-11 (E.D.N.Y. June 10, 2018) (claim for liquidated damages survives under FLSA and NYLL even where entitlement to wages is precluded by faithless servant doctrine).

[3] *Vega* determined that, like here, the "plaintiff is a 'manual worker' as defined by the statute, and allowing her to bring suit would promote the legislative purpose of § 191, which is to protect workers who are generally 'dependent upon their wages for sustenance', which was enacted to deter abuses and violations of the labor laws…. It would also be consistent with the legislative scheme, as section 198 explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so." *Id.* (quoting *P & L Grp. v. Garfinkel,* 150 A.D.2d 663, 664 (2d Dep't 1989)) ("section 198 'reflect(s) a strong legislative policy aimed at protecting an employee's right to wages earned'"); *Zachary*, 2024 WL 554174, at *7-8 (finding implied private right of action for NYLL § 191); *Grant*, 2024 WL 172900, at *6-9 (dissenting opinion finding implied private right of action).

[4] Contrary to Defendant's incorrect contention that *Vega*'s holding is "novel" and a "major shift in the NYLL case law," the conclusion that a right of action exists for NYLL § 191 is not new. The Court of Appeals, Appellate Division and trial courts have all issued rulings relating to claims under NYLL § 191 and never contended that a private right of action was lacking. *See Bynog v. Cipriani Grp., Inc.*, 1 N.Y. 3d 193 (2003); *Bynog v. Cipriani Grp., Inc.*, 298 A.D. 2d 164 (1st Dep't 2002); *Cohen v. Finz & Finz, P.C.*, 131 A.D. 3d 666 (2nd Dep't 2015) (reversing decision to dismiss NYLL § 191 claims); *Epifani v. Johnson*, 882 N.Y.S.2d 234, 237-239 (2d Dep't 2009) (citing *Bynog v. Cipriani Grp., Inc.*, 298 A.D. 2d 164 (1st Dep't 2002)) (second department affirming denial of motion to dismiss claim for late paid wages under NYLL § 191(3)); *Scott v. Whole Foods Mkt. Grp., Inc.*, 2019 WL 1559424, at *2 (E.D.N.Y. Apr. 9, 2019) ("neither the Second Department nor the Court of Appeals suggested, let alone held, that the plaintiffs did not have a right to bring a claim under [NYLL § 191]"); *Vega*, 107 N.Y.S. 3d at 287-288 (citing *Pachter v. Bernard Hodes Grp., Inc.*, 10 N.Y. 3d 609 (2008) and *Gottlieb*, 82 N.Y.2d 457 to determine that the remedy for a violation of NYLL § 191 is found in NYLL § 198); *see also Quintanilla v. Kabco Pharms.*, Docket No. 19-cv-6752 (PKC) (CLP), at p. 18-19 (E.D.N.Y. Apr. 17, 2020) (citing *Scott*) (while overruling her own prior decision, Judge Chen relied on this history of New York appellate courts implicitly finding a private right of action for NYLL § 191). In each of these cases, the Courts necessarily found a private right of action exists for NYLL § 191. As Plaintiffs' formal briefing will discuss, federal district courts within this Circuit have also long held that a private right of action exists for NYLL § 191. *See* Pl. Mem. of Law, D.E. 32 at Pg. 7 n.9.

consistent with Court of Appeals' holding in *Gottlieb*); *see also* N.Y. Dep't of Labor Counsel Op. Letter, RO-10-0003, Oct. 28, 2010 (DOL recognized a private right of action in addition to an administrative remedy). For this Court to hold otherwise would require issuing a ruling contrary to no fewer than 50 district court cases, including its own ruling in another matter. *Id*.

The flawed reasoning in *Grant*, on the other hand, renders it far more likely that the New York Court of Appeals will follow *Vega*. At its core, *Grant* contradicts *Vega* by finding that late paid wages do not constitute an underpayment. 2024 WL 172900, at *2-3. This conclusion rests on several erroneous legal interpretations.

First, *Grant* ignores the holding of the Court of Appeals in *Gottlieb v. Kenneth D. Laub & Co.*, where New York's highest court expressly held that "the plain language, legislative history and purpose of section 198(1-a) all indicate that the intent of the statute is that the…remed[ies] provided therein [are] limited to wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6." *Gottlieb*, 82 N.Y.2d at 459; *see also Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 43 (N.Y. 2022) ("[S]ection 198 (1-a) must relate to wage claims based upon violations of one or more of the substantive provisions of [NYLL A]rticle 6'…And it is [NYLL] § 191 that 'generally regulates payment of wages by employers and creates reciprocal rights of employees.") (internal quotation omitted). Here, it is irrefutable that NYLL § 191 is a "substantive provision" of NYLL, Article 6, and, thus, NYLL § 198(1-a) is intended to provide a mechanism to remedy violations of NYLL § 191 by establishing a private right of action for NYLL § 191. This reasoning is consistent with the holding of *Vega* but not *Grant*.

Second, despite *Gottlieb*, the Second Department in *Grant* decided that NYLL § 198 only applies to claims for nonpayment or underpayment of wages, but not to wages paid late in contradiction of NYLL § 191. *Grant*'s holding was "supported" by a single sentence in *Gutierrez v. Bactolac Pharm., Inc.*, 210 A.D.3d 746, 747 (2d Dep't 2022) which stated "the Supreme Court properly directed dismissal of the second cause of action, which alleged violations of Labor Law § 191, as that statute pertains to frequency of pay and not unpaid wages[.]" In reality, *Guttierez*'s holding did not decide whether late paid wages constitute an underpayment or whether a private right of action exists for late paid wages under NYLL § 191. *Id*. at 746-747; *Davis v. Banana Republic LLC*, 2023 WL 5969597, at *7 (E.D.N.Y. Sept. 14, 2023); *Macchiavello*, 2023 WL 4625009, at *4-5 (finding private right of action for NYLL § 191 claim despite similar arguments regarding *Guttierez*). As the minority opinion in *Grant* correctly pointed out, the Second Department's *Gutierrez* decision simply affirmed the dismissal of a claim alleging violations of NYLL § 191 where the plaintiff was not alleging a violation regarding frequency of pay but was rather seeking to recover unpaid overtime wages. *Grant*, 2024 WL 172900, at 7 (Christopher, J., dissenting) (also holding that "Gutierrez did not determine that a violation of Labor Law § 191(1)(a) does not result in unpaid wages or underpaid wages for the purposes of whether a private right of action exists under Labor Law § 198(1-a)"); *Gutierrez*, 210 A.D.3d at 747; *Guttierez v. Bactolac Pharm.*, Index No. 609612/2019E, at *3 (Sup. Ct. Suffolk Cnty. Sept. 23, 2019) (holding "Plaintiff is not alleging that wages were not paid timely but rather that plaintiffs" were never paid their

required overtime wages).[5] *Gutierrez* only holds that NYLL § 191 is not the correct vehicle for unpaid overtime wages and has no bearing on whether a private right of action exists for late paid wages under NYLL § 191.

Third, the Second Department's ruling in *Grant* also relies on an incorrect assessment of when a NYLL § 191 claim accrues. *Grant* finds that a claim for late payment does not accrue until the employee is paid their wages on their bi-weekly pay date. *Grant*, 2024 WL 172900, at *2-3. Even though the Second Department simultaneously acknowledges that such a biweekly pay period is unlawful, *Grant* holds that payment after NYLL § 191's statutory deadline is "not equivalent … with a nonpayment or underpayment of wages." *Id*. This is incorrect. A claim for violation of NYLL § 191 accrues immediately after the seventh day from when wages were earned.[6] *See* NYLL § 191(1)(a) (manual workers must be "paid weekly and not later than seven calendar days after the end of the week in which wages are earned."). Therefore, on the day that the claim accrues, Plaintiffs are owed wages for their full week of unpaid wages under NYLL § 191.[7] An employer's subsequent late payment of wages does not eviscerate Plaintiffs' right to liquidated damages, and a claim under NYLL § 191 pursuant to NYLL § 198 remains. *See* n.2, *supra*.

*Grant*'s conclusions that an employer and employee can privately agree to an unlawful scheme to pay wages on schedule that differs from NYLL § 191, and that a claim only accrues after the date payment is due under this unlawful private agreement, flouts well-established law. The NYLL expressly prohibits such an arrangement. *See* NYLL § 191(2) ("[n]o employee shall be required as a condition of employment to accept wages at periods other than as provided in this section"); *see also People v. Grass*, 257 A.D. 1, 3 (1st Dep't 1939) ("Contracts in contravention of this provision of the Labor Law are illegal and void."); *Zachary*, 2024 WL 554174, at *8 ("A judge's belief that a manual worker should be able to agree to a different payment schedule, and that such agreement should obviate an employer's liability for failing to comply with the law, does not override an overt legislative judgment to the contrary" under NYLL § 191(2)). Courts have also long held that an employer and employee cannot agree to wage payment policy that is unlawful and any agreement to such a wage scheme – including an unlawful biweekly pay period – is a legal nullity that must be disregarded.[8]

---

[5] The trial court acknowledged the Plaintiff had not even pleaded an untimely pay claim and that issue was not before it. *Guttierez*, Index No. 609612/2019E, at *3.

[6] Wage and hour claims are routinely deemed to accrue with each individual violation. *See McGuirk v. Swiss Re Fin. Servs., Corp.*, 2016 WL 10683305, at *15 (S.D.N.Y. June 17, 2016), *aff'd*, 699 Fed. Appx. 55 (2d Cir. 2017) (FLSA claims accrue each time wages due); *Powanda v. Inteplast Grp., Ltd., L.P.*, 2015 WL 4078117, at *2 (D. Conn. July 6, 2015) (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 199 (S.D.N.Y. 2006)) (same); *Hui Luo v. L & S Acupuncture, P.C.*, 2015 WL 1055084, at *9 (E.D.N.Y. Jan. 23, 2015) (FLSA/NYLL claims accrue in same manner).

[7] The Second Department's absurd attempt in *Grant* to distinguish between late paid wages under NYLL § 191 and late-paid wages that were remitted much later – as in *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) – is contrary to the statute. A claim has accrued whether the wages are one-day or two-years late.

[8] The well-established law holds that an employer and employee cannot agree to violate wage laws. *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 534 (2d Cir. 2016) (citing *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)) (cannot waive statutory rights under wage law "because waiver would nullify the purposes" of the wage law "and thwart the legislative policies it was designed to effectuate"); *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013) (wage requirements "cannot be

The majority's reasoning in *Grant* takes exception to *Vega*'s holding that the "moment an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required." In so doing, *Grant* incorrectly treats the frequency of pay requirements of NYLL § 191 merely as a suggestion or guideline, rather than an express law. *Grant* seems to imply that if an employer's pay schedule would not trigger a violation of the Fair Labor Standards Act's "prompt payment" requirement (which, unlike NYLL § 191's concrete deadlines, the FLSA allows for speculation about when wages may actually be due), then there is no actionable violation of NYLL § 191. This logic is inherently flawed, and would be akin to arguing that an employer can disregard New York's minimum wage laws so long as employees are paid in accordance with the (lower) federally mandated minimum wage rates. In sum, the law makes clear that wages owed to manual workers are to be paid weekly and not later than seven days after the end of the week in which wages are earned. That is indisputable and not subject to interpretation.

Fourth, *Grant* held that NYLL § 198 (1-a) provides for liquidated damages as an "additional amount," "clearly contemplating recovery of an underpayment as the primary, foundational remedy" meaning that "under the statute as written, the recovery of liquidated damages is dependent upon the recovery of an underpayment." This is a straw man fallacy, as the plain language of the statute makes no mention that recovery of an underpayment is a prerequisite to recover liquidated damages and *Grant*'s "interpretation" of it that way is merely done to support its predestined conclusion. *See* n.2, *supra*.

Fifth, *Grant*'s reliance on *Konkur v. Utica Academy of Science Charter Sch.*, 38 N.Y.3d 38 (N.Y. 2022) for the proposition that there is no implied private right of action for a violation of NYLL § 191(1)(a) is misplaced. In *Konkur*, the New York Court of Appeals held that no private right of action exists for a violation of NYLL § 198-b, an entirely *different* statute than the one at bar. In so doing the Court noted that a private right of action does exist under NYLL § 191 stating: "As we have made clear, the attorney's fees remedy provided for in section 198 (1-a) must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6[.]'" 38 N.Y. 3d at 43 (quoting *Gottlieb*, 82 N.Y.2d at 459). NYLL § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees[]." *Id*. Thus, *Konkur*'s rationale provides there is a private right of action for violation of NYLL § 191. This is firmly supported by the fact that many district courts have analyzed *Vega* in the context of *Konkur* and have still found a private right of action exists. *See Grant*, 2024 WL 172900, at *8 (Christopher, J., dissenting) (collecting cases); Amended Appendix.  Moreover,

---

modified by contract"); *Barrentine*, 450 U.S. at 740 (quoting *Brooklyn Savings Bank*, 324 U.S. at 707) (emphasizing "nonwaivable nature of an individual employee's right" to wages and that such provisions "cannot be abridged by contract or otherwise waived"); *Barfield v. NYC Health and Hosp. Corp.*, 537 F.3d 132, 148 (2d. Cir. 2008) (citing *Barrentine*, 450 U.S. at 740) (same); *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 289 (2d Cir. 2008) (citing *Tony and Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290, 302 (1985)) (employer cannot avoid obligations under wage law even if "employees voluntarily engage in inadequately compensated work"); *Costello v. Home Depot USA, Inc.*, 944 F. Supp. 2d 199, 207 (D.Conn. 2013) (noting that employee waiving entitlement to wage provisions is "simply, illegal"). Contrary to *Grant*'s erroneous reasoning, an agreement, if any existed, to pay Plaintiffs bi-weekly flatly violates NYLL § 191 and the Court would be required to disregard it. Simply put, the *Grant* court cannot premise the timing of the accrual of a NYLL §191 claim on the timing established by an unlawful agreement for a biweekly payment period.

contrary to *Grant* and its interpretation of *Konkur*, numerous courts have also ruled that the existence of an administrative remedy does not preclude an implied private right of action. *See Grant*, 2024 WL 172900, at *8 (Christopher, J., dissenting); Amended Appendix.

Sixth, the strength of *Vega*'s rationale is borne out by the reality that six appellate justices have agreed with its reasoning while just three agree with *Grant*'s faulty reasoning. *Vega*, 107 N.Y.S.3d at 287 (five justices in unanimous ruling); *Grant*, 2024 WL 172900, at *6 (three justices agreeing with holding and one justice dissenting in favor of *Vega*). This provides a strong indication the Court of Appeals would follow *Vega*.

## II. *Zachary v. BG Retail, LLC* Cogently and Authoritatively Held that *Vega* is the More Persuasive Ruling and that *Grant* is Erroneously Decided

Judge Briccetti's ruling in *Zachary v. BG Retail, LLC* persuasively resolves nearly all of the legal disputes raised by Defendant's motion to dismiss. *See* 2024 WL 554174, at *1, 5-9 (S.D.N.Y. Feb. 12, 2024). *Zachary* held that "[a]lthough this Court cannot predict with certainty how the New York Court of Appeals would rule, the reasoning in *Vega* and the dissent in *Grant* persuade the Court that the Court of Appeals would likely agree with *Vega* and reject *Grant*." *Id*. In reaching this conclusion, the *Zachary* Court denied a motion to dismiss an Amended Complaint and ruled: (1) that an express or, alternatively, an implied right of action exists for violations of NYLL § 191 pursuant to NYLL § 198, relying on *Vega*; (2) that *Vega* correctly determined that an employee constituting a manual worker suffers an underpayment of wages within the meaning of NYLL § 198 when wages are not paid weekly in accordance with NYLL § 191, while rejecting *Grant*'s contrary holding; (3) that an employer and employee cannot agree to a bi-weekly payment schedule as any such agreement would violate NYLL § 191(2), rejected *Grant*'s erroneous holdings to the contrary, and held that a claim therefore accrues with the statutorily-mandated weekly pay schedule; (4) that the Court's "interpretation of the applicable legislative history supports the outcome reached in *Vega*" and not *Grant*; (5) that, alternatively, an implied private right of action exists, even if an express right of action did not, based on *Vega*'s reasoning; and (6) that *Konkur v. Utica Academy of Sci. Charter School*, 38 N.Y.3d 38 (N.Y. 2022) does not undermine *Vega*'s finding that private right of action exists for violations of NYLL § 191 pursuant to NYLL § 198, relying on the dissent in *Grant and* other federal district courts that rejected similar arguments based on *Konkur*. *Id*. The *Zachary* Court also held that pending legislative proposals relating to NYLL § 191, like the proposal relied on by Defendant here, "are not persuasive evidence that the New York Court of Appeals would reject *Vega*." *Id*.

Based on the foregoing, Plaintiffs again contend that the Court must deny Defendant's motion to dismiss in its entirety.

Respectfully submitted,

*/s Peter A. Romero*

_____

DAVID D. BARNHORN, ESQ.
PETER A. ROMERO, ESQ.

cc:  All Counsel of Record *via* ECF